IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BRUD ROSSMANN, ESQ., <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN McVEIGH, *et al.*, <br><br> Defendants. | CIVIL NO. 17-00543 DKW-KJM <br><br> **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

## INTRODUCTION

On October 31, 2017, Plaintiff Brud Rossmann, proceeding pro se, filed a Complaint against several federal and state government employees and an Application to proceed *in forma pauperis* ("IFP Application").[1] The Court GRANTS the IFP Application. Rossmann's current Complaint, like his previous complaints, is both frivolous and improper.[2] Because the Complaint fails to include any factual allegations demonstrating that Rossmann's rights have been violated or that he is plausibly entitled to relief from any Defendant, and because amendment

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[2] The Court takes judicial notice of identical complaints against these Defendants filed recently by Rossmann in several other districts: (1) *Rossmann v. McVeigh et al.*, 1:2017-cv-01824 (N.D. Ala. Oct. 30, 2017); (2) *Rossmann v. McVeigh et al.*, 8:17-cv-03161-PX (D. Md. Oct. 27, 2017); (3) *Rossmann v. Patterson et al.*, 1:17-cv-01688-UNA (D.D.C. Aug. 22, 2017); and (4) *Rossmann v. McVeigh et al.*, 2:17-cv-02785-PBT (E.D. Pa. June 20, 2017).

would be futile under the circumstances, the Court DISMISSES the Complaint without leave to amend.

## DISCUSSION

Although he is an attorney, because Rossmann is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### I. Plaintiff's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*,

335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Rossmann is unemployed, medically disabled, and receives SSI benefits in the amount of $735 per month. Based upon the IFP Application, Rossmann's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Rossmann has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application. Dkt. No. 2.

## II. Plaintiff's Complaint Is Dismissed Without Leave To Amend

Upon review of the Complaint, the Court finds that Rossmann fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the frivolous Complaint fails to state any discernible basis for judicial relief.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

## B. The Complaint Fails To State A Claim For Relief

Based on the Court's preliminary screening, even given a liberal construction, the Complaint fails to state any sort of cognizable claim against any Defendant. In light of the Court's finding that Rossmann fails to state a claim under Rule 12(b)(6) and that Defendants are immune from suit, the Court accordingly concludes that any opportunity to amend the Complaint would be futile.

Rossmann's present Complaint, like many of his prior filings, is patently frivolous.[3] According to Rossmann, "he is trying to leave America, has for many years, and the named or otherwise captioned defendants have blocked as much, as

---

[3] As a preliminary matter, the Court takes judicial notice of his recent seriatim filings against various interrelated parties: *Rossmann v. Pompeo, et al.*, 2:17-cv-02254-TLN-GGH (E.D. Cal. Oct. 26, 2017); *Rossmann v. Trump, et al.*, 17-cv-07000 (N.D. Ill. Sept. 28, 2017); *Rossmann v. Netanyahu et al.*, 1:17-cv-07802-CM (S.D.N.Y. Oct. 11, 2017); *Rossmann v. Dimon et al.*, 2:17-cv-02570-JAR-GLR (D. Kan. Sept. 29, 2017); *Rossmann v. Ivanov et al.*, 3:17-cv-00785-CWR-LRA (S.D. Miss. Sept. 26, 2017); and *Rossmann v. Monk et al.*, 2:17-cv-00986-LSC-JHE (N.D. Ala. June 12, 2017).

Earlier actions have similarly been dismissed as frivolous pursuant to an *in forma pauperis* screening. *See, e.g., Rossmann v. Trump*, 2017 WL 4455517, at *3 (S.D. Ohio Oct. 2, 2017) (recommending dismissal with prejudice under 28 U.S.C. § 1915 and describing Rossmann's allegations as "rambling, difficult to decipher, and border[ing] on the delusional"); *Rossmann v. Scaramucci*, 2016 WL 5716878 (E.D. Okla. Oct. 3, 2016) (dismissing with prejudice pursuant to Section 1915 and noting that although the complaint "alleges that Plaintiff was an honors graduate from Harvard Law School and former decorated Trial Attorney of the U.S. Department of Justice[,] Plaintiff's arguments, throughout the Complaint, are completely lacking in legal merit and patently frivolous") (citation and quotation marks omitted); *Rossmann v. Scaramucci*, 2016 WL 6775470, at *4 (E.D. Tex. Oct. 14, 2016) (recommending dismissal without prejudice under Section 1915 because Rossmann's claims describe "fantastic or delusional scenarios"); *Rossmann v. Leader*, 2013 WL 6327823, at *2 n.2 (D.D.C. Dec. 2, 2013) (dismissing Rossmann's complaint for failure to state a claim and noting that the case is also subject to dismissal on the basis of frivolousness "because the overwhelming majority of the complaint's factual allegations describe fantastical or delusional scenarios"). This Court recently dismissed with prejudice his Complaint in *Rossmann v. Pompeo, et al.*, 1:2017-cv-00539 DKW-KJM (D. Haw. Nov. 7, 2017), for similar reasons.

Principals or in Agency." Comp. ¶ 12.[4] According to Rossmann—

> The natural personals named above, those associated with same, have blocked Brud Rossmann from leaving and via the issuance of a false arrest warrant generated criminally in Alabama, Brian McVeigh, District Attorney, 7th Circuit, Alabama, Anniston, Alabama.
>
> Other natural persons, Patterson, and Maher have furthered the Alabama abomination.[5]

Compl. ¶¶ 13–14. With respect to the specific relief sought, Plaintiff demands—

> His passport[;] [n]o arrest at the airport on the false, stale, even Alabama-discredited warrant by the Department of Homeland Security, or other authorities[;] $10,000,000.00, (Ten Million Dollars), with interest[;] [n]o false or otherwise Alabama-related arrests EVER at the hands of the US Government, local law enforcement, anyone.

Compl. ¶ 16.[6]

The Complaint suffers from several deficiencies. First, the Complaint does not comply with Rule 8, which mandates that a complaint include a "short and plain

---

[4] Rossmann clarifies that he "has summarized the factual background previously in numerous complaints filed and docketed as filed since 2004, despite systemic corruption in the non-docketing, the blocking, the forgery of words in Brud Rossmann's name reflected in/of filings to a similar effect from 2002 to 2003 June, 2004, to 2010, to 2012, to 2015, to 2017, etc." Compl. ¶ 29. Indeed, "[m]ost recently, he pled for the very same relief across 5–10 or so complaints filed first July 22, 2017, then again, August 2017, and perhaps since." Compl. ¶ 30.

[5] With respect to these particular Defendants, Rossmann avers that "L. Eric Patterson is the head of the Federal Protective Services, U.S. Department of Homeland Security[;] Joseph Maher is the General Counsel for the U.S. Department of Homeland Security." Compl. ¶¶ 27–28.

[6] Although Plaintiff repeatedly demands "his passport," or "Brud Rossmann's passport," or "a passport," the Complaint does not allege, for example, that he applied to the appropriate agency for a passport and was denied, *see* 5 U.S.C. § 702 (providing judicial review to a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute"), or that his passport was revoked for any reason.

statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). As other courts have remarked with respect to Rossmann's pleadings, the Complaint—complete with voluminous, irrelevant exhibits—is rambling and borders on delusional.

Second, the Complaint fails to state a plausible claim for relief against any party. Rossmann alleges the following specific cause of actions: "False imprisonment, false enslavement in perpetuity, worse." Compl. ¶ 31. Although it purports to allege enumerated causes of action, the Complaint does not clearly identify in any coherent or organized manner the conduct by any party relating to any particular claim, nor provide specific factual allegations to support his legal conclusions.[7] Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based. Rossmann

---

[7] As is his habit, Rossmann acknowledges the deficiencies in his pleading. *See* Compl. at 14 n.2 ("Because the factual bases for this complaint are so unique, the law so uncertain as to legal elements, specific formulations, toward (a) a protective, order and (b) exodus from the country via passport, (c) protection from subhuman violent, racist scum, Brud Rossmann invokes the essential formulation of any cause of action by the 4th Circuit, found in a footnote in one of its published opinions: (a) duty, obligation (b) breach, violation (c) damages (d) causation. Common sense and much law support such first principles when the law is a muddled mess, or when the facts are so unique as to belie easy formulations, specific pleading of the facts and legal elements as so matched. Compare *Ashcroft v. Iqbal*, 556 U.S. __ (2009).").

provides no factual content or context from which the Court may reasonably infer that any Defendant violated his rights. *See Iqbal*, 556 U.S. at 678.

Beyond this basic deficiency, to the extent he alleges claims for damages against McVeigh, an Alabama district attorney, for conduct involving an Alabama "false arrest warrant" or "false imprisonment," prosecutors are immune from suit for acts related to "the traditional functions of an advocate" in initiating and pursuing a criminal prosecution. *Kalina v. Fletcher*, 522 U.S. 118, 123–25, 131 (1997); *see also Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity). Absolute immunity applies even in cases involving allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986) (en banc). His claims that the remaining Defendants "furthered the Alabama abomination," likewise fail. *See* Compl. ¶ 14. Rossmann also appears to allege that Defendants engaged in criminal conduct. *See, e.g.*, Compl. ¶¶ 32–34 ("Defendants, as Principals, or in Agency, have acted criminally. . . . Brud Rossmann is long overdue to leave this country, lawfully, and without further violent faggotry in the name of false Government arrest. . . . The government has a duty to not . . . effect Brud Rossmann's hostage taking, blocking his exit at the airport, etc."). A civil action is not the proper mechanism to allege criminal conduct. *See Kumar v. Naiman*, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016)

9

("[P]laintiffs, as private citizens, have no standing to prosecute criminal claims."). To the extent Rossmann brings claims against individuals who are immune from suit or seeks to prosecute criminal claims, amendment of these claims would be futile.

In short, the Complaint fails to state a claim and is dismissed.[8] Because amendment would be futile, the dismissal is with prejudice. Under the particular circumstances presented, in light of the frivolous and malicious nature of the claims against these Defendants and Rossmann's well-established pattern of such improper filings, the Court finds that there is no purpose to permit him the opportunity to amend.

///

///

///

///

---

[8] In light of Rossmann's similar filings in districts nationwide (each complaint bearing a different address within that district) and the numerous court docket entries reflecting that his mail has been returned as undeliverable to those respective courts, the Court questions whether Rossmann, who purports to be homeless and unemployed, actually resides in this district at the address of record listed on the Complaint, whether personal or subject matter jurisdiction exists, and whether venue in this district is proper.

## CONCLUSION

Based upon the foregoing, the IFP Application is GRANTED, and the Complaint is DISMISSED without leave to amend. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

Dated: November 13, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Rossmann v. McVeigh, et al.*, Civil No. 17-00543 DKW-KJM; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**